## AD ABRAHAMS CO. v. KOMAROW.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

1. EVIDENCE (§ 148*)—TELEPHONIC COMMUNICATIONS—RECOGNITION OF VOICE.
   In an action for the price of certain dresses, evidence of a telephone conversation claimed to have been had by the defendant with an officer of the plaintiff was improperly admitted, where the witness did not even claim to have recognized the voice of the officer with whom he spoke.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 438; Dec. Dig. § 148.*]

2. TENDER (§ 12*)—AMOUNT—INSUFFICIENCY.
   Where, in an action for the price of dresses, the defendant admitted the ordering of part of the dresses, judgment should have been entered for their full value, although the defendant, without any justification, claimed the right to deduct a discount of 10 per cent., and alleged a tender of the reduced amount, and paid it into court.

   [Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 21–28; Dec. Dig. § 12.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Ad Abrahams Company against Abraham Joseph Komarow. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Barnett & Jablow, of New York City, for appellant.

Bogart & Bogart, of New York City (Isidore Weckstein, of New York City, of counsel), for respondent.

BIJUR, J. [1] This action was brought to recover the purchase price of four dresses. Defendant denied that he had ordered more than two, and gave evidence to the effect that the other two had been returned by him in conformity with a conversation which he claims to have had with plaintiff's officer over the telephone. The evidence as to this conversation was improperly admitted over objection, as the witness did not even claim to have recognized the voice of the officer with whom he spoke. The testimony was, no doubt, under the circumstances, prejudicial to appellant, and for this error alone the judgment would have to be reversed.

[2] It is, however, evident that the plaintiff should have had judgment for at least the full price of the two dresses, although the defendant, without any justification, claimed the right to deduct a discount of 10 per cent., and alleged a tender of the reduced amount and paid it into court.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes